# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CRAIG WHIPSTOCK,

        Plaintiff,

v.

CIVIL CASE NO. 07-11137
HON. MARIANNE O. BATTANI

RAYTHEON COMPANY,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss (Doc. #7). Plaintiff Craig Whipstock sued defendant Raytheon Company, alleging Raytheon did not hire him because of his wife's national origin in violation of Title VII. Defendant asserts that Plaintiff's suit should be dismissed because he relied on the general venue statute found in 28 U.S.C. § 1391, rather than Title VII's specific venue provisions. Alternatively, Defendant asks the Court to transfer this matter to the Middle District of Pennsylvania, where the alleged unlawful employment practice was committed. On June 6, 2007, Plaintiff filed a First Amended Complaint, in which he asserts that venue in Michigan is proper under Title VII's statutory venue provisions. Defendant maintains that Plaintiff cannot meet Title VII's venue requirements.

**II. STATEMENT OF FACTS**

Mr. Whipstock is a resident of Wayne County in the State of Michigan. Raytheon's principle place of business is in Massachusetts, but it also maintains a facility in State College, Pennsylvania. Defendant posted a job opening on an internet site for a position at Raytheon's

State College, Pennsylvania facility. In June 2006, Plaintiff, while in Michigan, applied online for the position. Plaintiff had numerous telephone interviews from his home in Michigan with Raytheon personnel, including the Director of Facilities. Plaintiff spoke several times with Chad Reese, Raytheon's human resource representative.

The job posting for the Manager II, Facilities position, specifically stated that no additional security clearance was required for the position. Reese also personally told Plaintiff in a telephone call that a security clearance was not required. Raytheon scheduled Plaintiff for an interview at its State College facility on August 3, 2006. Defendant sent Plaintiff forms to complete, which he returned on July 18, 2006.

On July 26, 2006, Plaintiff received a call from Reese, inquiring whether Whipstock's wife was from the Ukraine. Plaintiff responded that she was. Reese then told Plaintiff he would get back with him. Later that same day, Reese called Plaintiff and told him that Raytheon was withdrawing his candidacy. When Plaintiff inquired as to the reason, Reese told him it was because his wife was from the Ukraine. Reese told Plaintiff to contact the site security director, who told Plaintiff that because his wife was from the Ukraine, he could not get a security clearance. Despite Plaintiff's protestations that the position did not require a security clearance, he was nevertheless denied the job.

## III. STANDARD OF REVIEW

A party may move to dismiss an action when a case has been filed in an improper venue. FED. R. CIV. P. 12(b)(3). Although Rule 12(b)(3) permits a party to move to dismiss where venue is improper, "the rules of Civil Procedure do not contain any venue provisions or requirements." Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 538 (6th Cir. 2002).

2

Rather, the requirements for venue are set forth by statute. Id. The requirements for venue in a Title VII action are set forth by statute in 42 U.S.C. §2000(e)-5(f)(3).

The plaintiff bears the burden of showing venue is proper. The district court must accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual disputes in the plaintiff's favor. El v. Belden, 360 F.Supp. 2d 90, 92 (D.D.C. 2004).

If a defendant prevails on a Rule 12(b)(3) challenge, the district court has discretion to dismiss the case or transfer it in the interest of justice to an appropriate court. Id. If a transfer is made, it should be "to any district or division in which [the case] could have been brought." 28 U.S.C. §1406(a). The choice as to which of these two options is appropriate is within the district court's sound discretion. First of Mich. Corp v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than to dismiss them. Goldawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).

## IV. ANALYSIS

Under 42 U.S.C. §2000e-5(f)(3), a plaintiff may bring a Title VII action in:

[1] Any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] In the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] In the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] If the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. §2000e-5(f)(3), venue is improper. Spencer v. Rumsfeld, 209 F.Supp.2d 15, 17 (D.D.C. 2002).

3

Plaintiff first argues that venue in Michigan is proper because Title VII's first venue provision[1] is ambiguous, and must be interpreted broadly. Plaintiff contends that under a liberal interpretation of the venue statute, venue is proper not only where the alleged unlawful employment practice is committed, but where its effects are felt or the decision is implemented. Thus, according to Plaintiff, because the effects of Defendant's employment decision are felt in Michigan, venue in Michigan is proper.

To support this argument, Plaintiff primarily relies on a Ninth Circuit case to show that the Court should broadly construe the first prong of the venue statute. See Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493 (9th Cir. 2000). The Ninth Circuit in Passantino stated that venue is proper both in the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt. Id., at 506. In that case, a plaintiff who worked from her home office in Tacoma, Washington, alleged that she had been repeatedly passed over for promotion because of her gender. She brought suit in her home state. The defendant moved to change venue to New Jersey where the alleged unlawful employment decision occurred. After finding that "[i]n general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked[,]" id., at 504-05, the court held "that venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." Id., at 506. In order to reach this conclusion, the court relied on the premise that Title VII's venue provisions are ambiguous. In an aid to resolve the apparent ambiguity, the court looked to the fact that the

---

[1] Because Plaintiff only asserts that venue is proper under the first clause in the Title VII venue statute, the remaining provisions need not be addressed.

district court had personal jurisdiction over the defendant to resolve the ambiguity in favor of the plaintiff.

Unlike the Ninth Circuit, this Court finds that Title VII's venue provisions are not ambiguous. When interpreting a statute, the Court "must begin with its plain language, and may resort to a review of congressional intent or legislative history only when the language of the statute is not clear." In re Comshare Inc. Sec. Litig., 183 F.3d 542, 549 (6th Cir. 1999). "[S]tatutes, regulations and rules of court must be read in a 'straightforward' and 'commonsense' manner." Bartlik v. U.S. Dept. of Labor, 62 F.3d 163, 165-66 (6th Cir. 1995). When a court "can discern an unambiguous and plain meaning from the language of a statute, [its] task is at an end." Id., at 166.[2]

The plain language of the first prong of the statute states that venue is proper in "[a]ny judicial district in the State in which the unlawful employment practice *is alleged to have been committed* . . . ." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). The language of the statute does not provide for venue where the effects of the alleged unlawful employment practices are felt. Nor does a straightforward and commonsense reading of the statute imply that venue is proper in any district where the alleged unlawful employment practice is implemented or its effects are felt. Therefore, under the plain, unambiguous language of the statute, venue is proper only where the unlawful employment practice is alleged to have been committed, regardless of where

---

[2] Although there is no reference to venue requirements in the legislative history from 1964, Congress amended the Act in 1972 and 1991 without amending §2000e-5(f)(3). See 1964 U.S.C.C.A.N. 2355; 1972 U.S.C.C.A.N. 2137; and 1991 U.S.C.C.A.N. 549, H.R. Rep. 102-40(II). Thus, the venue provisions of Title VII have remained unchanged for 43 years. There is nothing to indicate that Congress did not mean what it plainly indicated when it expressly provided for venue requirements applicable only to Title VII.

its effects are felt. As a result, venue in this case is proper only where Plaintiff alleges Defendant made the decision not to hire him because of his wife's national origin.

Plaintiff nevertheless argues that venue is proper in Michigan because in his amended complaint, he alleges that Defendant committed the unlawful employment practice in Michigan because it "reached into" Michigan via internet job posting, and correspondence and communication with Plaintiff while he was in Michigan. Pl.'s Am. Compl., at para. 4. He then alleges that venue here is proper because he was in Michigan when Defendant advised him that it was withdrawing his candidacy. Id.

However, the Court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if they are couched as factual allegations. Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996); Western Mining Council v. Watt, 643 F.2d 618, 629 (9th Cir. 1980); Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429, 432 (7th Cir. 1978). In this case, Plaintiff's allegation that Defendant committed the unlawful employment practice in Michigan is a legal conclusion, opinion, or deduction couched as a factual allegation. Looking to Plaintiff's well-pleaded factual allegations, he alleges that Defendant called from Pennsylvania to inform him of an employment decision that *had already been made*. As discussed above, Title VII's venue provision does not provide for venue in any judicial district in which the plaintiff was informed of the unlawful employment practice. Rather, venue is proper only where the unlawful employment practice is alleged to have been committed. Because Plaintiff alleges that Defendant called from Pennsylvania to inform him of an employment decision that had already been made, the allegedly unlawful employment practice is alleged to have been committed in Pennsylvania.

Therefore, even accepting Plaintiff's well-pleaded factual allegations as true, venue in Michigan is still improper.

In addition, Plaintiff's reliance on Passatino is misplaced because this case is factually dissimilar. Passatino was a failure to promote claim, where in the present case, Whipstock was not hired at all.[3] The Court in Passantino held that plaintiffs unlawfully denied a promotion, like those discharged, feel the effects of their injury where they actually work. Here, however, Whipstock did not work in Michigan. If he had received the job, he would have been required to move to Pennsylvania to work. Moreover, Passantino has never been applied in a case where the plaintiff is not already an employee of the defendant, nor was Passantino decided on residency alone.

In this case, Whipstock conducted his interviews over the phone from his Michigan residency and he was told that he would not receive the job while in Michigan. However, the application Whipstock filled out online went to the Pennsylvania office, and the decision-makers were in Pennsylvania at the time the decision not to hire Whipstock was made. There are no facts which could lead to the conclusion that the allegedly unlawful employment practice - the decision not to hire Whipstock because of his wife's national origin - was committed in Michigan. Therefore, under the facts alleged, venue here is improper under the first clause of the venue statute.

---

[3] On its face, the third venue provision, and not the first, is the most applicable in failure to hire cases. That provision states that a plaintiff may bring a Title VII action in the "judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. §2000e-5(f)(3).

Finally, Plaintiff argues that Due Process and choice of law considerations are relevant in interpreting Title VII's venue provisions. However, because the Court finds that Title VII's venue provisions are not ambiguous, the Court need not resort to interpretative aids, such as whether personal jurisdiction exists or what state's laws would apply in order to resolve any ambiguity. Moreover, the cases Plaintiff cites, which deal with the resolution of choice of law conflicts and personal jurisdiction statutes, having little bearing on proper venue in light of Title VII's explicit venue statute.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or in the Alternative to Transfer Venue is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Complaint is **TRANSFERRED** to the Middle District of Pennsylvania**.**

**IT IS SO ORDERED.**

                                               s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               UNITED STATES DISTRICT JUDGE

DATED: August 10, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                               s/Bernadette M. Thebolt
                                               DEPUTY CLERK